The People ex rel. MICHAEL BRADY, Appellant, *v*. JAMES J. MARTIN et al., Commissioners, etc., Respondents.

Under the provisions of the New York Consolidation Act (§ 307, chap. 410, Laws of 1882), as amended in 1885 (chap. 364, Laws of 1885), which provides that any member of the police force who has performed duty thereon for twenty years or more, " shall, by resolution adopted by a majority vote of the full board, be relieved and dismissed from such force and service and placed on the roll of the police pension fund," the police board is not absolutely bound to pass the prescribed resolution, where, upon application of a member of the force to be retired and placed on the pension roll, it appears that he has served for twenty years ; a discretion is vested in the board, not an unlimited and unreviewable discretion, but a judicial one, to be executed reasonably and fairly.

Where, in proceedings by mandamus to compel said board to pass a reso-
lution granting the application of a member of the police force who had
served the prescribed twenty years, to be relieved from the force and
placed on the pension roll, it appeared that immediately after the appli-
cation, and before it had been acted upon, grave charges of misconduct
on the part of the applicant as a policeman, were preferred against him,
*held*, that the board had the right, before proceeding to act upon the
application, to investigate the charges, and if found to be true and of
such a nature as to authorize conviction, it would be justified in convicting
and dismissing the relator from the force, and the dismissal would be a
conclusive reason for denying his application to be placed on the pension
roll; that while it was the duty of the board to act with reasonable
promptness upon the charges preferred, it must be assumed that they
would act in entire good faith; and so, that the application for the man-
damus was properly denied.

(Argued February 25, 1895; decided March 12, 1895.)

APPEAL from order of the General Term of the Court of
Common Pleas for the city and county of New York, made
March 13, 1894, which affirmed an order of Special Term
denying an application by the relator for a peremptory writ of
mandamus.

The relator herein applied to the Special Term of the Court
of Common Pleas for a mandamus to compel the defendants,
who are the commissioners of police of the city of New York,
to adopt a resolution relieving and dismissing him from the
police force and placing him upon the roll of the police pen-
sion fund, according to the provisions of section 307 of chapter
410 of the Laws of 1882, and the act amendatory thereof.
The application was denied, and from that order denying the
application the relator appealed to the General Term, which
affirmed the order, and from the order of affirmance he has
appealed to this court.

It appears by the papers that the relator, on the 4th day of
January, 1894, had been a member of the police force of the
city of New York, and had done duty thereon for a period of
a little more than twenty years, and on that last-mentioned
day he made an application in writing to the board of police
commissioners to be relieved and dismissed from the force and
placed upon the roll of the police pension fund, and he stated

that, at the time such application was made, there were no
charges of misconduct pending, nor had any been preferred
against him, and he alleged in his affidavit that the board of
police commissioners had held several meetings since his appli-
cation was presented to them, and they had failed and neg-
lected to act thereon as required by law.   On the 12th of
January, 1894, he gave notice to the defendants in writing,
and therein demanded that they take immediate action upon
his application, and that in case of their failure to pass the
resolution as required by law at the next meeting of their
board, he notified them that he should apply for a peremptory
writ of mandamus to compel them to take such action.   He
further stated that on the 12th of January, 1894, and subse-
quent to the service of the above-mentioned demand upon it,
the police board held a meeting and neglected and refused to
comply with the demand, and denied his application and
refused and neglected to comply therewith up to the time of
the making of his affidavit, which was January 13, 1894.  He
also stated that since making his application to be retired
there had been preferred to the defendants as the board of
police certain malicious and false charges by certain persons
inimical to him, which charges were set down for hearing
before it on Wednesday, January 17, 1894, and he alleged
that upon such charges the board "threatened to find depo-
nent guilty and dismiss him from his said office therefor."
He, therefore, asked that a writ of mandamus should be
granted and that all proceedings upon the part of the board
in connection with the charges above mentioned should be
stayed until the final determination of his application for such
mandamus.

Upon the hearing before the Special Term an affidavit of
one of the defendants was read, in which it was admitted that
the relator had made written application to the board for
retirement on the 4th day of January, 1894.   It was alleged,
however, that on the next day, January 5th, 1894, when the
application of the relator came before the board of police for
action, there had been filed with the board by the superin-

tendent of police three separate charges of serious misconduct on the part of the relator, copies of which charges were annexed to the affidavit. It was further shown that the defendant board held over any action on the application of the relator until it could investigate these charges, and that the investigation thereof was set down for hearing before the board on January 17, 1894, but that such hearing was prevented by the granting of the order to show cause by the Special Term staying all proceedings in relation to any charges until the decision of the application for the mandamus and the removal of the stay. It was further alleged in the affidavit that it was the intention of the board to proceed promptly with the hearing of these charges against the relator as soon as the stay should be removed, and as soon as the charges should be investigated the board would promptly proceed to consider the application made by him for his retirement.

The charges, which were annexed to the affidavit, charged that the relator on the 30th of September, 1892, asked and received from the person named in the charge a sum of $75 as part of the consideration for securing his appointment on the police force in the city of New York; also that in the year 1889 the relator arrested a man, whose name was given, for a violation of the Excise Law, and in consideration of the sum of $25 received by him from the person arrested, relator allowed such person to go at large and neglected to convey him to the station house; also that the relator in the early part of the year 1890 received from a person named the sum of $75 as part consideration for securing his appointment on the police force of the city of New York, which relator did not pay back until compelled to do so.

*Louis J. Grant* for appellant. The statute as amended in 1885 is not discretionary but mandatory (save in the matter of the amount of pension to be allowed), provided the requisite statutory facts are found to exist. (Laws of 1882, chap. 410, § 307; *People ex rel.* v. *French*, 108 N. Y. 109; Laws of 1885, chap. 364, § 2; *People ex rel.* v. *French*, 52 Hun, 464.)

Statutes should be read according to the natural and obvious import of the language, without resorting to a forced construction, for the purpose of limiting their operation. (*In re N. Y. & B. B. Co.*, 72 N. Y. 527.)

*David J. Dean* for respondent. The statute is not mandatory. (Laws of 1882, chap. 410, § 307; Laws of 1885, chap. 364; *People ex rel.* v. *French*, 46 Hun, 232.) The fact that the charges brought against relator would, if true, subject him to criminal prosecution, and that he has not been convicted thereon in a criminal court, does not prevent the commissioners from proceeding with his trial. (*People ex rel.* v. *French*, 60 How. Pr. 337; *People ex rel.* v. *French*, 32 Hun, 112; *People ex rel.* v. *Mayor*, etc., 52 id. 483; 126 N. Y. 621.)

PECKHAM, J. By section 307 of chapter 410 of the Laws of 1882, commonly called the Consolidation Act relating to the city of New York, it was provided that any member of the police force who had performed duty for a period of twenty years or upwards, might "in the discretion of the board of police, by resolution, unanimously adopted by a full board, be retired from service and placed upon the police pension roll." This provision of course manifestly and in terms vested a discretion in the board of police in regard to the adoption of the resolution. The law stood in that condition until 1885, when, by chapter 364 of the laws of that year, the section was amended so as to provide that any member of the police force who has performed duty therein for a period of twenty years or upwards, upon his own application in writing, "shall, by resolution, adopted by a majority vote of the full board, be relieved and dismissed from such force and service and placed on the roll of the police pension fund, and awarded and granted, to be paid from said pension fund, an annual pension during his lifetime of a sum of not less than one-half the full salary or compensation of such member so retired; provided, however, that no pension granted under the provisions of this section shall exceed the sum of one thousand dollars per annum,

except," etc., the provision following being immaterial to the case before us. The question for our determination is whether, by this amendment, all discretion was taken from the board of police, and that upon an application of a member of the police force who had served for twenty years the board was bound, under all circumstances, to adopt a resolution dismissing him from the force and placing him upon the pension roll. The relator claims that the board had no discretion except to determine the fact whether he had served the requisite length of time, and to decide upon the amount of the pension to which he might be entitled. The defendants contend that by the terms of the provision they are not bound at all events to pass the resolution, but that it is subject to a discretion in such board, to be reasonably and fairly exercised upon the merits of each application.

We think that by the amendment the members of the police board were not entirely divested of all discretion in regard to the adoption of the resolution retiring the applicant, and that the board was not bound to grant the application upon the mere fact that he had served twenty years upon the force, The effect of the amendment was to eliminate the necessity of a unanimous vote of the full board for the adoption of the resolution retiring the applicant. We cannot see how proper effect can be given to the language which requires a majority vote of the full board for the adoption of the resolution, unless some discretion is vested in the members of the board upon the subject. The act does not assume to dictate to the members how they shall vote upon the resolution. It does require for its adoption a majority vote of all the board. One member may, therefore, vote against it. Which one shall it be? No more power is given to one member than to another to vote against it, and in voting against it the member who does so uses his judgment and discretion. Judgment and discretion being given to some member of the board, how can it be said that it is not given to all? If two members should vote against the resolution and resort to the courts must be had for the purpose of compelling the adoption of the resolu-

tion by a majority vote, how should the order of the court be enforced? Each member of the board might claim that he had the right under the statute to vote against the adoption of the resolution according to the dictates of his honest judgment, and how could the court single out any one of the four members and allow him to use his judgment, while denying that right to the other three? Or, if the language of the statute were to be used in the order of the court and the board should be directed as a body to adopt the resolution by a majority vote, ought any member of that board to be proceeded against as for a contempt in using his judgment and voting against the resolution? The court has no power under this statute to direct that all the members shall vote for it; and, if not all, which three of them shall it direct? And how can it be said that any one has violated the statute or the order of the court when he has but exercised his discretion and judgment and refused to vote for the adoption of the resolution? From the very language of the section it seems to us that some discretion is vested in the members of the board. If the legislature intended otherwise, and that the resolution should be passed at all events when the fact of the twenty years' service was ascertained, it seems to us clear that other and different and plainer language would have been employed. The board has been invested with authority to retire the applicant by a majority vote of the full board, but as no direction has been given requiring the members to vote for the adoption of the resolution, it follows that they must be at liberty to vote in favor of or against such application.

This question was decided in the same way we now decide it in the case of *People ex. rel. Bolster* v. *French*, by the General Term of the first department, which case is reported in 46 Hun, 232, and we agree with the reasoning adopted by Judge DANIELS in delivering the opinion of the court in that case. The learned judge at Special Term in this case took the same view and for the same reasons. The case of *People ex rel. Tuck* v. *French* (108 N. Y. 105), while not determining the question, looks in the same direction. We do not

mean by this construction of the act to say that there is in all cases an unlimited and unreviewable discretion vested in the members of the board of police to act in an arbitrary or wholly unjustifiable manner in refusing to adopt the resolution, being guided by their own arbitrary will and discretion. The discretion is a judicial one, to be exercised reasonably and fairly upon the application of the policeman for retirement. Generally, it would appear to be the duty of the board to grant such application when the facts upon which the right of the policeman depended to make it were made reasonably clear. But where grave charges of misconduct have been preferred immediately after the application for retirement has been made, and before it has been acted upon by the board, we think the board has the right, before proceeding to act upon the application, to investigate such charges; and if it appear upon such investigation that the charges are not simply the result of malice, and are not stale, and are true in fact, and are also of such a nature as would authorize the board, upon conviction, to dismiss the offender from the force, then such board would be entirely justified in convicting and dismissing him, and the dismissal would furnish a conclusive reason for the denial of the application to place the officer upon the pension roll. It would be the duty of the board to act with reasonable promptness upon the charges preferred against an applicant, and it must be assumed it would also act upon them in entire good faith and with a desire to honestly discharge its official duty.

We are of the opinion that the courts below have properly construed the section in question, and the order appealed from should, therefore, be affirmed, with costs.

All concur.

Order affirmed.