(12 Misc. Rep. 622.)

### PEOPLE ex rel. EAKINS v. ROOSEVELT et al.

(Common Pleas of New York City and County, Special Term. June, 1895.)

POLICEMAN—RETIREMENT—PENDING CHARGES.

A complaint against a police officer filed by a citizen with the police board is a "charge pending," within Laws 1895, c. 569 (Bipartisan Police Act), requiring the police board to retire an officer who shall have served for 25 years, where there are "no charges against him pending"; and in such case an officer is not entitled to be retired as a matter of right, though no formal charges have been preferred.

Application by Joseph B. Eakins for a writ of mandamus to compel Theodore Roosevelt and others, constituting the board of police commissioners, to retire relator from service in the police force of New York City with a pension, pursuant to the provisions of Laws 1882, c. 410 (Consolidation Act), § 307, as amended by Laws 1895, c. 569. Relator moves for a peremptory writ of mandamus. Denied.

Chas. A. Hess, for relator.

Theodore Connoly, for respondents.

BISCHOFF, J. Under the enactment commonly known as the "Bi-Partisan Police Act" (Laws 1895, c. 569), the retirement of a police officer, upon his application, is mandatory upon the board of police if such officer shall have served upon the force for a term of 25 years, and there shall be "no charges against him pending." That the relator made application for discharge and retirement with pension, that he had served on the police force for a period of 29 years, and that his application was refused, is not matter of dispute; but the board's action is defended upon the ground that charges were pending against the relator at the time when his application was made. The facts relied upon by the respondents are that on May 13, 1895, complaint in writing was made in behalf of the Society for the Prevention of Crime, to them and to the relator, of the latter's delinquency with regard to the suppression of places of evil resort within his particular precinct; that on the same day the complaint was referred by the respondents to one of their number, to the end that the same might be put in form for action against the relator; that on the 20th day of May, 1895, the relator presented his application for retirement; that on the 27th day of May, 1895, formal charges in writing against the relator were presented in behalf of the Society for the Prevention of Crime to the respondents, and on the same day the relator's application was denied.

The question presented, then, is, did this complaint, made by the Society for the Prevention of Crime, constitute a pending charge within the meaning of the act? That which is within the manifest intention of the lawmakers is to be deemed within the law as much so as that which is within its letter (Riggs v. Palmer, 115 N. Y. 506, 509, 22 N. E. 188; People v. Utica Ins. Co., 15 Johns. 380; Jackson v. Collins, 3 Cow. 89); and "if the words of a statute are of themselves precise and unambiguous, then no more can be necessary than to expound those words in their natural and ordinary sense.

The words themselves do, in such case, best declare the intention of the legislature" (Suth. St. Const. § 247). Section 272 of the consolidation act (Laws 1882, c. 410), in view of the provisions of which the legislature must be presumed to have acted when amending the sections connected in subject with it, provides that "no member * * * of the police force * * * shall be * * * dismissed from the police force until written charges shall have been made or preferred against him." The word "written" may well be taken, and properly should, to exclude a verbal charge as a ground for trial and dismissal, and by no means looks necessarily to a formal presentment in order that a charge should exist. This is the only provision found with regard to the form of the "charges" in contemplation. A "charge" under the act may as well be an existing accusation made by a citizen against the officer and entertained by the board as a formal presentment by the board itself, with notice from it to the officer. The courts, in their construction of statutes, are to observe the rule that words in a statute intended for the people should be understood in a popular sense (Suth. St. Const. § 251); that words are not to receive the narrowest interpretation, even in a penal statute (Id. § 357); that, where words have two significations, the popular one should have preference (Id. §§ 248, 250); that common or popular words are to be interpreted in a popular sense (Id. §§ 247, 248, 254, 255, 258); that a strict and literal interpretation is not always to be adhered to, and where a case is brought within the intention of the makers of the statute it is within the statute, though by a technical interpretation it is not within the letter (Weiler v. Newbach, 47 Hun, 166); also that the words of a statute, if of common use, are to be taken in their natural, plain, obvious, and ordinary signification (People v. Wemple, 115 N. Y. 302, 22 N. E. 272; Polhemus v. Railroad Co., 123 N. Y. 502, 26 N. E. 31).

In realization of the fact that the legislature's obvious intent was to make the retirement of a worthy officer, and such officer alone, mandatory upon the board of police, where, before, discretion existed (People v. Martin, 145 N. Y. 253, 39 N. E. 960), I proceed to apply the rules noted. The words "charge" and "pending" are, indeed, susceptible of two interpretations,—the legal and technical, or the popular and liberal. To the lawyer's mind a "charge" would intend an accusation as to which formal notice was brought to the accused; and so, too, "pending" would suggest the state of an undetermined proceeding after such notice had been given to the party proceeded against. But, in the popular sense, "charge" and "accusation" are practically synonymous, and the word "pending," if we have recourse either to the vernacular or to the derivation of the term, means "hanging." Certainly, accusations made to and entertained by the body having jurisdiction to act upon and investigate them are "charges" hanging, hanging over, or "pending" in the popular sense. In another part of the act we find the expression (section 4), "pending the trial of charges." This may well be taken to denote the legislative appreciation of the distinction between "pending" the condition of a charge without formal notice

to the accused, and "pending the trial," which the more properly denotes a condition presented by the observance of greater strictness of procedure. "Expressio unius, exclusio alterius." It results that the relator has failed to establish his right to retirement ex debito justitiae, and the writ sought is not to be allowed.

Motion denied.