The People of the State of New York ex rel. William Reilly, Relator, v. Avery D. Andrews and Others, Commissioners, Composing the Board of Police Commissioners of the Police Department of the City of New York, Respondents.

*Patrolman on New York police force — after what term of service his retirement is not a matter of right.*

The relator, a policeman who had been on the New York city police force for twenty years, and against whom no charges were pending, petitioned the board of police commissioners of said city to be retired from the police force under the provisions of section 307 of chapter 410 of the Laws of 1882, as amended by section 2 of chapter 364 of the Laws of 1885, which provides that " Any member of the police force who has or shall have performed duty therein for a period of twenty years or upwards, upon his own application in writing or upon a certificate of the board of surgeons, showing that such member is permanently disabled, physically or mentally, so as to be unfit for duty, or who shall have reached the age of sixty years, shall, by resolution adopted by a majority vote of the full board, be relieved and dismissed from said force and service and placed on the roll of the police pension fund." The petition was denied.

*Held*, that the relator was not entitled, as a matter of right, to be retired.

It appeared that the relator first made application for retirement about December 13, 1894, and that about April 11, 1895, he presented a petition to the board of police commissioners in which he alleged, among other things, that he had been for several years a great sufferer from inflammatory rheumatism, and that he was at the time suffering from a permanent disability in one of his feet, by reason of which he was considerably disabled. On the day that the petition was presented to the board of police commissioners action was taken thereon, by which it was referred to the board of surgeons for a report; five days later the board of surgeons made a report in which it was stated that they found the relator fit to perform duty. Subsequently, the board of police commissioners considered the application of the relator, and a resolution of one of the commissioners, that the relator's request be granted and that he be retired, was decided in the negative.

*Held*, that the commissioners, in so doing, committed no legal error.

Certiorari issued out of the Supreme Court and attested on the 3d day of May, 1895, directed to James J. Martin, Michael C. Kerwin, Charles H. Murray and Avery D. Andrews, commissioners, composing the board of police of the police department of the city of New York, commanding them to certify and return to the office of the clerk of the county of New York all their actions, decisions

and proceedings relating to the application of William Reilly and their refusal to grant the same.

The petition in this proceeding alleged that William Reilly was a citizen of the United States and a resident of the city and county of New York; that he was a patrolman attached to the thirty-second police precinct in said city; that on the 19th day of December, 1894, he made an application in writing to the board of police commissioners of the police department of the city of New York to be relieved and dismissed from the police force and service and to be placed upon the roll of the police pension fund and to be awarded and granted to be paid an annual pension during his lifetime, as provided by section 307 of chapter 410 of the Laws of 1882, and the several acts amendatory thereof and supplemental thereto. That the said board arbitrarily refused to grant the application of the petitioner, no reason for said refusal being given.

The petitioner further alleged that he had served faithfully on the police force of the city of New York for a period of more than twenty years last past, and that the police board was bound to grant his application, and that said board was not justified in refusing to grant the same, and did not, in refusing to grant said application, act reasonably and fairly towards the petitioner.

*Louis J. Grant,* for the relator.

*Francis M. Scott* and *Cornelius F. Collins,* for the respondents.

PARKER, J.:

It is the contention of the relator that a policeman who has been on the force twenty years, and who, at the time of his application for retirement, has no charges pending against him, is, as a matter of right, entitled to be retired. His claim is based upon section 307 of the Consolidation Act, as amended by section 2 of chapter 364 of the Laws of 1885, which reads as follows: "Any member of the police force who has, or shall have, performed duty therein for a period of twenty years or upwards, upon his own application in writing, or upon a certificate of the board of surgeons, showing that such member is permanently disabled, physically or mentally, so as to be unfit for duty, or who shall have reached the age of sixty years, shall, by resolution, adopted by a majority vote of the full

board, be relieved and dismissed from said force and service and placed on the roll of the police pension fund."

In view of the decisions in *People ex rel. Bolster* v. *French* (46 Hun, 232) and *People ex rel. Brady* v. *Martin* (145 N. Y. 253), we regard this question as settled adversely to the relator. In both cases the statute, upon which the relator relies, was considered by the court. In *Bolster's* case the court held that the statute does not entitle a policeman to be retired unless he can obtain the favorable vote of a majority of the board sustaining his application; that the law does not declare that the board shall retire him, or direct that the commissioners, or a majority of them, shall vote in favor of his retirement, and, therefore, it must be construed as investing the members of the board with discretion to vote for or against the application, as the situation may seem to require.

Both the decision and the reasoning of the court in *Bolster's* case were approved in *Brady's* case. In the latter case the statute was carefully considered, and the conclusion reached that "the board has been invested with authority to retire the applicant by a majority vote of the full board, but as no direction has been given requiring the members to vote for the adoption of the resolution, it follows that they must be at liberty to vote in favor of or against such application."

It is true that the court, in considering the facts of that particular case, used language, which, if considered independently of the main argument, would tend to convey the impression that, in the absence of pending charges of misconduct, it would appear to be the duty of the board to grant such an application. But, in that case, charges of misconduct had been preferred against the relator, at or about the time of his application for retirement, and they were acted upon, and relator dismissed from the force before his application for retirement was considered, and the discussion referred to related wholly to that situation and followed that part of the opinion which considered and construed the statute, and which resulted in the conclusion that the members of the board were invested with the discretion to vote in favor of or against such an application.

The legislative construction given by chapter 569 of the Laws of 1895, known as the bi-partisan police bill, amending section 307 of the Consolidation Act, is in accord with that of the decisions

to which we have referred.   Section 6 re-enacts the provision above quoted, authorizing the retirement of a member of the police force who has performed duty for a period of twenty years or upwards, upon his own application, by resolution adopted by a majority vote of the full board.   And it also contains the further provision, "and any member of the police force who has or shall have performed duty therein for a period of *twenty-five years or upwards*  *  *  * upon his own application in writing, provided there are no charges against him pending, *must* be relieved and dismissed from said force and service by the board and placed on the roll of the police pension fund."   If it was the understanding that the statute in existence, and which the Legislature re-enacted, compelled the retirement of any policeman requesting it, against whom no charges were pending, after twenty years' service, then, surely, the provision quoted was superfluous.

It appears by the return that the relator first made application for retirement about the 13th day of December, 1894, and that later, and about the 11th day of April, 1895, he presented a petition to the respondents, in which he said, among other things, that he had been for several years a great sufferer from inflammatory rheumatism, and that he was at the time suffering from a permanent disability in one of his feet, by reason of which he was considerably disabled.

On the day that the petition was presented to the board action was taken thereon, by which it was referred to the board of surgeons for report.   Five days later the board of surgeons made a report to the board of police commissioners, in which it was stated that the surgeons found the relator fit to perform police duty.   A copy of this report was at once forwarded to the attorney for the relator who addressed a further communication to the board of police commissioners, asking for immediate action on the application of his client.

The board of police commissioners, on the nineteenth day of April, considered the application, and a resolution of one of the commissioners, that the relator's request be granted and he be retired, was decided in the negative, one commissioner voting in favor of its adoption and three against it.

Apparently, it was the view of a majority of the commissioners that, inasmuch as the relator was in a physical condition to render

efficient service, he should not be retired on a pension, but compelled to earn the compensation which he should receive from the city. In view of the construction which has been given to the statute, it cannot be said that the commissioners committed legal error.

The writ should be dismissed, with costs.

Van Brunt, P. J., and Follett, J., concurred.

Writ dismissed, with costs.