In the Matter of the Application of WILLIAM D. RODDY, Appellant, for a Peremptory Order of Mandamus against GEORGE V. McLAUGH-LIN, as Police Commissioner of the City of New York and as Trustee and Treasurer of the Police Pension Fund, Respondent.

Second Department, January 14, 1927.

Municipal corporations — police pension fund in city of New York — patrolman acting as first grade detective at time of retirement is entitled to pension, under Greater New York Charter, § 355, on basis of salary as patrolman and not as first grade detective.

A patrolman in the city of New York who, at the time of his retirement under the provisions of section 355 of the Greater New York Charter, was holding the

position of first grade detective, to which position he was appointed in 1908, is entitled to a pension only on the basis of the salary of patrolman and not on the basis of the salary of a first grade detective.

LAZANSKY, J., dissents, with memorandum.

APPEAL by the petitioner, William D. Roddy, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 25th day of June, 1926, denying petitioner's application for a peremptory mandamus order.

*Albert Conway* [*Denis M. Hurley* with him on the brief], for the appellant.

*George P. Nicholson, Corporation Counsel* [*Joseph P. Reilly* and *George H. Ward* of counsel], for the respondent.

Order denying motion for peremptory mandamus order affirmed, without costs, on opinion of Mr. Justice RIEGELMANN at Special Term.

KELLY, P. J., JAYCOX, MANNING and KAPPER, JJ., concur; LAZANSKY, J., dissents upon the ground that section 355 of the Greater New York Charter provides for a pension in a sum " not less than one-half of the full salary or compensation of such member so retired; " and thus the amount of salary of the person retired, and not his rank, is the basis on which the pension is fixed.

The following is the opinion of the court below:

RIEGELMANN, J.   This is a motion for a peremptory order of mandamus directed to George V. McLaughlin, as police commissioner of the city of New York, and as trustee and treasurer of the police pension fund, requiring him as such police commissioner and as such trustee of the police pension fund to forthwith comply with the order of Richard E. Enright, former police commissioner of the city of New York, and pay to William D. Roddy, the appellant herein, a pension in the sum of $1,650 per annum.   The petitioner was a member of the police force of the city of New York, having been appointed as a patrolman on the 15th day of October, 1896, and continued as such until August 28, 1924, the date of his retirement.   The petitioner on April 16, 1908, was detailed as a first grade detective and continued in such detail up to the date of his retirement.   The then police commissioner, Richard E. Enright, ordered the retirement of the petitioner herein and granted to him a pension amounting to $1,650 per annum, which was one-half of $3,300 per annum, the compensation then received by him as a first grade detective.   The present police commissioner, upon being advised by the corporation counsel that the pension granted

to this petitioner was not in accordance with section 355 of the Greater New York Charter,* made an order amending the order made by the former police commissioner to show that the pension awarded to the petitioner should have been at the rate of $1,250 per annum, this being one-half of the pay of a patrolman, the rank held by the petitioner herein. The effect of this order was to reduce the annual pension of the petitioner from $1,650 per annum to $1,250 per annum. Section 355 of the Greater New York Charter, in so far as the same is pertinent to the issue in this matter, provides that " * * * any member of the police force who has, or shall have performed duty on any such force aforesaid, for a period of twenty-five years or upwards, * * * upon his own application in writing, provided there are no charges against him pending, must be relieved and dismissed from said force and service by the department and placed on the roll of the police pension fund and awarded and granted, to be paid from said pension fund, an annual pension during his lifetime of the sum not less than one-half of the full salary or compensation of such member so retired; * * *. Pensions granted under this section shall be for the natural life of the pensioner, and shall not be revoked, repealed or diminished. * * *." It is the contention of the petitioner that the language of this section is mandatory in that it expressly commands what the police commissioner must do under a particular set of circumstances. It cannot be disputed that the provisions contained in this section of the charter are mandatory under the circumstances therein described. It has been so held in the case of *People ex rel. Eakins* v. *Roosevelt* (12 Misc. 622; affd., 14 id. 531; affd., 149 N. Y. 574). But the question before the court is whether or not it was mandatory upon the police commissioner in the instant case at the time of the retirement of the applicant to award to him an annual pension in a sum not less than one-half of the full salary or compensation received by him as a first-grade detective at the time of his retirement under this section of the charter. The cases of *People ex rel. Clark* v. *Waldo* (N. Y. L. J. Nov. 22, 1911, p. 833); *Matter of O'Neill* v. *Waldo* (Id. Nov. 1, 1913, p. 564; affd., 160 App. Div. 932; 212 N. Y. 567); *Thomas* v. *Enright* (N. Y. L. J. April 1, 1925, p. 10); *Matter of Deishly* v. *Enright* (Id. p. 10; affd., 215 App. Div. 658) are decisive against the petitioner. In none of these cases was any opinion written except by Judge Kapper, and that may be found in full as an appendix to the city's brief in the *Deishly Case* (Cases, First Department, vol. 1277). It will be noted that the brief in the *Deishly Case* (*supra*), at page 9, cites the *O'Neill Case* (affd., 212

---

* See Laws of 1901, chap. 466, § 355, as amd. by Laws of 1921, chap. 685.— [Rep.

N. Y. 567) as decisive there, and an examination of the record in the *O'Neill Case* (Cases, Court of Appeals, vol. 3081) shows that the only opinion written in that case was Judge SEABURY's notation, at Special Term on the order denying the mandamus, that the denial was on the authority of Judge KAPPER's decision. The Appellate Division and the Court of Appeals affirmed Judge SEABURY without opinion. No opinion was written in either the *Deishly* case by Judge ERLANGER at Special Term or by the Appellate Division in affirming (215 App. Div. 658). Nor was there any opinion in the *Thomas Case* (*supra*). It seems to me, therefore, that the decision of Mr. Justice KAPPER, having been affirmed in the Appellate Division and in the Court of Appeals, is controlling. In the case of *People, ex rel. Clark* v. *Waldo* (*supra*) Judge KAPPER said: " It seems to me that the only membership in the police force held by the relator at the time of his retirement was that of a patrolman. His designation to the detective bureau was a mere detail, revocable at the will of the commissioner, and this latter status at least the relator concedes. While so detailed he retained his rank of patrolman and was eligible for promotion not from the rank of lieutenant, but from the rank which he retained, namely, patrolman. I do not regard the fact of the reduction of two per cent from his salary for the benefit of the pension fund as important, at least not enough so to change the plain language of the charter provisions defining his membership, the character of his detective detail and the rank to be retained by him while serving in the detective bureau. The most that can be said of this two per cent contribution is that he had the benefit during all that time of a largely increased salary solely by reason of his fortunate detail and without the burden of a civil service examination, an absolutely essential prerequisite to a promotion in the public service. Another, and to my mind forceful, reason why the relator cannot prevail is the danger of undue favoritism. It is conceded that the commissioner may at any time revoke the detail, even at the moment immediately preceding retirement. This being so the commissioner may, if relator is right in his claim here, arbitrarily revoke the detail of one officer and refrain from doing so in the case of another for purely personal reasons. Such a situation would be demoralizing." Petitioner seeks to distinguish all those cases by suggesting that all of them, particularly the *Deishly Case* (*supra*), was decided " impliedly " on the theory of a " practical demotion." This contention of " practical demotion " is not based on anything said by any court, but upon an expression in Commissioner Enright's affidavit in the *Deishly* case. There was not, in the present case or in the *Deishly* case

or the other cases, any demotion, practical or otherwise, because there was not, by reason of the detail, any status to be demoted from. This is made clear by the declaration (not mentioned in the briefs) contained in section 288 of the charter.* That section, so far as the same is pertinent to the question here, provides as follows: " Promotions of officers and members of the police force shall be made by the police commissioner, as provided in section one hundred and twenty-four of this act, on the basis of seniority, meritorious police service and superior capacity, as shown by competitive examination, but no detail to act as inspector, or to service in the detective bureau, as hereinafter provided, shall be deemed a promotion. * * *." From this we find that " no detail to * * * service in the detective bureau, as hereinafter provided [to wit, § 290], shall be deemed a promotion." This adds decisive force to the conclusion reached by Judge Kapper in the *Clark Case (supra)* that a " designation to the detective bureau was a mere detail * * *" during which the rank of patrolman still prevailed and governed. Perhaps it would have been competent for the Legislature to enact that service while on such detail should entitle to pension at the salary of the detail. But the Legislature has not so enacted. It did, however, do so as to captains detailed for five years as inspectors (§ 288), but did not extend the provision to patrolmen detailed as detectives. On the contrary, it especially provided as to these latter in section 290,† the very section dealing with pensions, that " any member of the force detailed to said [detective] bureau * * * shall retain his rank in the force and shall be eligible for promotion the same as if serving in the uniformed force, and the time during which he serves in said bureau shall count for all purposes as if served in his rank or grade in the uniformed force, * * *." Whatever apparent strength there is in petitioner's contention results from the use of the word " such " in the context, " full salary or compensation of such member " in section 355. Standing alone that might appear to imply the actual full salary of " such " individual member rather than the salary incident to his technical rank or grade in the service. But when the other features of other sections, before adverted to, are read all doubt disappears. The construction now contended for by the petitioner was urged in the case of *People ex rel. Clark* v. *Waldo (supra)* and rejected by Judge Kapper on the ground that it would invite or permit undue favoritism and work a demoralization of the service. While I do not believe that the question of undue favoritism could be urged in the case of this petitioner, whose meritorious public

---

* Amd. by Laws of 1923, chap. 625.— [Rep.

† Amd. by Laws of 1907, chap. 160.— [Rep.

service is a matter of common knowledge, the court cannot consider such service, as the provisions of the law are controlling.  For the reasons given above, the application of the petitioner for a peremptory order of mandamus must be denied.