In the Matter of THOMAS W. JEFFERYS, Respondent, against COMPTROLLER OF THE CITY OF NEW YORK et al., Appellants.

First Department, June 29, 1951.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for appellants.

*Murray H. Blumenfeld* for respondent.

CALLAHAN, J. This appeal involves the pension rights of a sergeant in the municipal police force, who was formerly assigned to the detective bureau as a detective of the first grade. At the time of his service as a detective, however, the petitioner held the rank of first grade patrolman. When promoted to sergeant in 1946, his designation as a detective was revoked and he was assigned to the uniformed force. This resulted in a reduction in pay.

Detectives of the first grade, pursuant to statute (Administrative Code of City of New York, § 434a–3.0, subd. b), are required to be paid the same salary as lieutenants. Under the present salary schedules first grade patrolmen receive annual salaries of $4,150, sergeants $4,650, and lieutenants $5,150. Therefore, the *extra* pay of a patrolman assigned as a first grade detective is now $1,000 a year and that of a sergeant so designated is $500 a year. The designation, however, is a mere police detail subject to revocation by the police commissioner at any time.

The provisions of law creating the police pension fund and providing for its administration are found in section B18–1.0 *et seq.* of the Administrative Code. In 1940, the police pension fund was placed on an actuarial basis, and members are presently required to contribute up to 6% of their salaries toward the fund. Prior to 1940, one in the position of the petitioner, although he might have been designated as a first grade detective and receiving the pay of a lieutenant for many years, could only be pensioned on the basis of his salary as a patrolman. (*Matter of Roddy* v. *McLaughlin,* 219 App. Div. 490, affd. 245 N. Y. 639.)

In 1940, a local law (Local Laws, 1940, No. 2 of City of New York) was adopted amending the police pension law so as to provide in paragraph c of subdivision 9 of section B18–3.0 of the Administrative Code as follows: " c. In the case of a member receiving extra pay, salary or compensation for additional duties assigned to him, the comptroller shall make such semi-monthly deductions on the basis of such extra pay, salary or compensation unless such member shall signify in writing to the board of trustees his election to have his benefits and obligations computed on the basis of the pay, salary or compensation received by him prior to the time when he first received such extra compensation. Members who heretofore or are now receiving such extra pay, salary or compensation shall so signify within thirty days after this section shall take effect. Members who hereafter receive such extra pay, salary or compensation shall so signify within thirty days after the first receipt thereof. If any member has or shall have received extra pay, salary or compensation for an aggregate of five years or more or for the period of time fixed by section 434a–13.0 of this code, the comptroller shall continue to make such semi-monthly deductions on the basis of such extra pay, salary or compensation, notwithstanding that such member does not continue to receive it, unless such member shall signify to the board of trustees in writing his election to have his benefits and obligations computed on the basis of the pay, salary or compensation actually received by him. Additional deductions made pursuant to this subdivision shall entitle such member to a pension on the basis of such extra pay, salary or compensation. The provisions of this subdivision shall not diminish or impair the benefits provided in subdivision c of section 434a–13.0 of this code."

The petitioner contributed from his salary and extra compensation or upon a total of $5,150 for more than five years prior to 1946. During this time his rank was patrolman. He then became a sergeant in the uniformed ranks, and his pay became $4,650. He continued to contribute to the pension fund upon the basis of $5,150 or the equivalent of a lieutenant's pay. He seeks in this proceeding to have his contributions increased as if his pay was $5,650 or $1,000 greater than a sergeant's pay. He does so because he claims the right to be retired upon the basis of a salary of $5,650. It is contended that paragraph c gives him this right, although he never received pay in excess of $5,150.

The order appealed from requires contributions to be deducted upon the basis of $5,650. In my opinion this is unjustified and gives the petitioner an advantage not contemplated by the statute. I think that the purpose of the language " notwithstanding that such member does not continue to receive it " found in the law was to permit a first grade detective to retire on the pay of a lieutenant, if he contributed on that basis for five years, even though his designation had been revoked. It was not intended to give him any greater pension rights than those afforded lieutenants of permanent rank. Otherwise, as the police commissioner points out in his answering affidavit, temporary assignments at extra compensation in the police department would be worth more than permanent promotions to higher ranks.

To illustrate the discrimination that the proposed construction of this pension statute would afford, we might take a supposititious case of two first grade detectives who had served as such during the period served by the petitioner, one of whom was a sergeant and the other a patrolman. Both of these officers would contribute to the pension fund on the basis of total compensation of $5,150. The only difference would be that a larger percentage of the patrolman's contributions would come from his extra pay of $1,000 as compared to the sergeant who contributed on extra pay of $500. Nevertheless, the sergeant, though he had held such rank for a longer period, would have to retire on the basis of a salary of $5,150, whereas the patrolman under the construction contended for would be able to retire on the basis of a salary of $5,650 immediately after becoming a sergeant. This would be based on the mere accident that a larger part of the patrolman's contributions during the five-year period mentioned in the statute came from extra pay.

Similar inequality between the petitioner and others of equal rank would continue if he became a lieutenant or attained higher rank. I do not construe the statute to permit this discrimination.

It is true that a patrolman designated a first grade detective and subsequently promoted to lieutenant obtains no greater pension rights thereafter than would be afforded to lieutenants who came up from the uniformed force without ever having served in the detective bureau. This does no injustice to the detective, who contributed on the basis of extra pay. For such contributor meanwhile enjoyed the right to retire on lieutenant's pay long before he had acquired lieutenant's rank. Furthermore, the law protects the contributor against loss of any

contributions to the pension fund in the event of discontinuance of membership or death (Administrative Code, § B18–7.0).

The order appealed from should be reversed, with $20 costs and disbursements to the appellants, and the petition dismissed.

COHN, J. (dissenting). On March 31, 1930, petitioner was appointed patrolman in the police department. After five years of service, he attained the status of first grade patrolman and was entitled to a salary of $3,000 per annum. On August 5, 1941, while assigned to the detective division, his designation was changed to that of detective, first grade, with extra compensation of $1,000 annually over the compensation of a first grade patrolman. His assignment as detective, first grade, continued until November 23, 1946, when he was promoted to the rank of sergeant, having successfully passed the promotion examination. His salary as sergeant was $500 greater than the salary of a first grade patrolman. However, his designation as detective, first grade, with its attendant extra compensation of $1,000 per annum, which he had been receiving for a period of over five years, was discontinued. As a consequence his annual compensation from the date of his promotion until the present time has been $500 less per annum than it would have been had he not been promoted.

Petitioner contends, and the Special Term has found, that the statute (Administrative Code, § B18–3.0, subd. 9, par. c, adopted in 1940) quoted in the prevailing opinion, unequivocally requires that pension deductions from petitioner's salary should be made on the basis of 6% of his salary as a sergeant, plus 6% of the $1,000 extra compensation which he had previously received for more than five years.

A pension deduction based upon salary is determined under paragraph a of subdivision 9 of section B18–3.0 of the Administrative Code. It increases as the salary is increased. On the other hand, a pension deduction based upon extra compensation is determined under paragraph c of subdivision 9 of section B18–3.0 of the Administrative Code. Under the plain wording of that statute, if a member has received extra compensation for a period of at least five years and does not thereafter continue to receive it, the pension deduction based upon such extra compensation remains constant. It does not vary with any increase or change in the basic salary.

Appellants contend that since petitioner's extra compensation of $1,000 per annum was discontinued because of his promotion

to a higher rank, he is not entitled to the benefit of pension deductions of his full extra compensation. Such a contention is clearly erroneous. Appellants apparently seek a forced construction of a plain and unambiguous law for the purpose of limiting its effect.

In all cases where members of the police force have, as the statute by express language provides, received "extra pay, salary or compensation for an aggregate of five years or more" and then do "not continue to receive it," the statute is directly applicable. The comptroller is commanded to make deductions based on the actual "extra pay, salary or compensation" previously received, regardless of the reason for its discontinuance. The Special Term was correct in holding that pension deductions should be based upon petitioner's present salary as a police sergeant, plus pension deductions upon the extra compensation of $1,000 theretofore received by him for more than five years.

Accordingly, I dissent and vote to affirm in all respects the order appealed from.

PECK, P. J., DORE and VAN VOORHIS, JJ., concur with CALLAHAN, J.; COHN, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to the appellants, and the petition dismissed. Settle order on notice.