THE PEOPLE ex rel. MATTHEW TUCK, Appellant, *v.* STEPHEN B. FRENCH et al., Constituting the Board of Police, etc., Respondents.

The mere filing of an application by a member of the police force of the city of New York, who has served for twenty years, to be retired on a pension as authorized by the act of 1885 (§ 2, Chap. 364, Laws of 1885), does not dissolve his connection with the force, or deprive the board of police of authority over him; he remains in the department and subject to its discipline and authority until the application has been granted by a majority of the board, fixing the pension to be awarded.

Where, therefore, after the relator had committed an offense subjecting him to the discipline of the board, he, for the purpose of evading trial and punishment, filed an application to be retired on a pension, and before action upon the application charges were preferred against him, a trial had, and judgment rendered, dismissing him from the force *held*, that a *mandamus* requiring the board to retire him from the force and put him on the pension list was properly denied; that the relator could only sustain his right to the writ by showing that the order of dismissal was absolutely void, which he failed to do.

Also, *held*, the court was not bound to override the order of dismissal by requiring a resolution of retirement to be passed *nunc pro tunc* as of the date of the application; that, if it had the power, its exercise rested wholly in its discretion, and its refusal was not reviewable here.

*It seems* that if the power of the court had been invoked to stay the trial and prevent the relator's dismissal, as his misconduct preceded his application, the court would not have been bound to lend its aid in an effort to evade the consequences of such misconduct.

(Argued December 13, 1887; decided January 17, 1888.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 31, 1887, which affirmed an order of Special Term dismissing a writ of alternative *mandamus* requiring defendants, as the board of police of the city of New York, by resolution of the board, to relieve and dismiss the relator, a policeman, from the police force and place him on the roll of the police pension fund and and to award him a pension, or to show cause, etc. (Reported below, 44 Hun, 24.)

The material facts are stated in the opinion.

*Samuel Untermyer* for appellant. Though the granting or refusal of the writ of *mandamus,* is said to be discretionary as distinguished from a writ of right, it is not an absolute or arbitrary discretion but is controlled by well defined legal rules, and its exercise is reviewable in this court. (*People ex rel. The Gas-Light Company of Syracuse* v. *Common Council of Syracuse,* 78 N. Y. 56; *People* v. *R. W. & O. R. Co.,* 103 id. 95.) Upon the conceded facts, it was the absolute right of the relator upon filing his application to have the board of police pass a resolution placing him upon the pension-roll, and it was not a matter of discretion with the respondents. (Laws of 1885, chap. 364, § 2, p. 618; Laws of 1882, chap. 410, § 307; Laws of 1884, chap. 180, § 307; Laws of 1882, chap. 410.)

*D. J. Dean* for respondent. The writ of *mandamus* is a prerogative writ resting in the sound discretion of the court. Such a discretionary power will not be exercised by the court to accomplish injustice and wrong. (Tapping on *Mandamus,* chap. 2, marg. p. 5; *People* v. *Croton Aq. Board,* 49 Barb. 261; *Van Rensselaer* v. *Sheriff for Albany County,* 1 Cow. 501; *People* v. *Canal Board,* 13 Barb. 432–450; *Ex parte Fleming,* 4 Hill, 583; 2 J. Cases [2d ed.], 217, note.)

Finch, J. The relator in this case violated the rules of the department, and so offended against its discipline as to deserve appropriate punishment. He knew that his offense was disclosed, that charges against him were imminent, and that a trial thereon was approaching, and for the conceded purpose of evading trial and punishment he filed an application to be retired with a pension, alleging his service of more than twenty years. On the same day, and an hour or two after his application, charges were served upon him, and a time fixed for their investigation. The relator's offense was committed on the second day of October; on the third his shield was taken away and his suspension from duty entered upon the blotter of the precinct. On the fourth the charges were served, and the trial fixed for the sixth. On that day he

appeared with counsel, and objected to any proceedings against him, on the ground that he was not a member of the force.  His objection was overruled, and at his request the trial was adjourned to the eighth.  On that day he appeared again, and repeated his objection, assigning the same ground; and, the board determining to proceed, he served upon them an order to show cause why they should not be prohibited from proceeding further with the trial because of the fact that he was not a member of the police force, and not subject to the jurisdiction of the board.  It does not appear that any stay of proceedings accompanied this order, and we must assume that none was granted.  The board, therefore, proceeded to the trial, the relator was convicted and dismissed from his office and from the force.  On the next day, October ninth, on the return of the order to show cause, that motion seems to have been abandoned, as must necessarily have been the case, since an act already done could not be prohibited, and the relator then filed an affidavit setting forth all the proceedings, in which he asked for an alternative writ of *mandamus* requiring the board to retire him from the force and put him on the pension list, or show cause for their refusal.  The relator's affidavit was sworn to October ninth and the alternative writ granted the same day and directed to be served on that day.  I have been thus particular about these facts, derived from the papers themselves, because of what seems to be a serious misunderstanding.

In the statement prefixed to the return, which appears to have been agreed to by Mr. Dean, it is said that the writ of alternative *mandamus* was issued and served before the order of dismissal.  That is certainly not true.  Such order was made October eighth.  That is its date.  The return of the commissioners under oath asserts that it was made on that day.  The relator does not deny that in his traverse, but only says he does not know.  That fact is thus fixed.  The alternative writ was dated October ninth, founded on an affidavit sworn to on that day and directed to be served on that day.  The relator himself swears that what was served upon the

board on the eighth was an order to show cause why the board should not be prohibited from proceeding with the trial, and his own affidavit, sworn to on the ninth, asks for the issue of the writ of alternative *mandamus.* On this state of facts it is impossible to contend that the writ was issued and served a day before it was applied for. Therefore, on that ninth day of October, and when the writ was issued, the relator had already been removed from his office and dismissed from the force, and was no longer a policeman, and so not entitled to be retired or put on the pension list, if the order removing him was within the jurisdiction of the board. The relator could only attack it in his new proceeding as absolutely void for want of jurisdiction. Its regularity and the sufficiency of the proofs on which it was founded cannot here be assailed. That jurisdiction, therefore, is the only subject to be examined and it resolves itself into the inquiry whether the objection taken by the relator to the jurisdiction, both on the hearing and on the argument of this appeal, that the mere filing of his application, at the moment of such filing, dissolved his connection with the force and stripped the board of any authority over him as a policeman is good and should prevail. We are of opinion that it is unsound and that the relator remained in the department and subject to its discipline, notwithstanding his application, until that application should be acted upon and granted by a majority of the full board fixing the pension to be awarded. The very form of his application shows that. He begins by saying "I *am* a member of the police force." He asserts that he has served for twenty years, and then says: "I hereby make application *to be* retired." He thus set in motion a proceeding which would end his service when the board acted, but could not end his service by his application alone. If, in a given case, after the application and before the board passed the required resolution, a period of a week elapsed during which the officer rendered his usual service he would be entitled to full pay for that week, and it could not be withheld on the ground that he had ceased to be an officer from the moment of the application. It is not

that which retires, but the resolution of the board, passed by a majority of all its members, for so is the statute. That board has a right, and it is its duty, upon receiving the application, at a meeting of a majority of its members, held within a reasonable time, to determine, first, whether the applicant has, as he asserts, served for the full period of twenty years as a member of the force, and, second, what amount of pension within the prescribed limits should be awarded to him. The board has a right and it is its duty to act on both questions, and must determine them by the vote of a majority of the full board, and by such majority make an order retiring the officer from the force. Until then he remains a policeman, subject to the discipline and authority of the board. The relator's objection was, therefore, unsound, and the board did have jurisdiction, and their order removing him from his office on the eighth day of October was valid and effectual, and so he lost his position and with it all right to be retired upon a pension, before the alternative *mandamus* was issued, and too late for the court to interfere by its order. Observe, that the question is not what might have been the power of the court if it had stayed the proceedings on the trial and intervened to prevent relator's dismissal, and so had brought before it the question, which order — that of retirement, or that of dismissal — should rightfully be made first. Even then we are of opinion, since the misconduct of the officer preceded his application, that the court would not have been bound to lend its process to compel action first upon the later fact, and aid in what is conceded to have been an effort to evade the consequences of the earlier misconduct. But that question is not here. The court did not stay the trial, or forbid the order of dismissal. It intervened by *mandamus* after the dismissal was complete, and the relator could only sustain his right to the writ by showing that the order of dismissal was absolutely void, and that he remained so far an officer and with the rights of an officer that he could be retired, under the law relating to policemen. That, we have said, was not the truth, for the order of dismissal was valid and not void.

The relator, in order to reach his result, failing to avoid the fatal effect of his dismissal, seems also to contend that the court should override or disregard that order, by requiring the resolution of retirement to be passed *nunc pro tunc*, and of the date of the application. If the court has the power, I think it has lawful discretion to refuse its writ, since by no law does the relator possess an absolute right to have the resolution passed *instanter* upon his application, or as of the date of that application. The board have a reasonable time in which to meet and pass the resolution, and if they delay unreasonably or unfairly doubtless the court may quicken their action, but it must do so, if at all, before that action becomes impossible by the dismissal of the applicant. After that the relator cannot insist that an answer to his writ, resulting from his delay, shall be made ineffectual by a *mandamus* requiring a resolution to be passed *nunc pro tunc*. Such a request involves a favor. It asks that a right which the relator claims he did have, but has lost by delaying his petition to the court for its writ, may still be granted, and made effectual by dating it back of the order which destroys his right. If the court has such power its exercise rests wholly in discretion, and we cannot review here the refusal to exercise it.

The order should be affirmed with costs.

All concur except RUGER, Ch. J., dissenting.

Order affirmed.