THE PEOPLE OF THE STATE OF NEW YORK ex rel. HUGH
FITZPATRICK, Appellant, *v.* FRANCIS V. GREENE, as Police
Commissioner of the City of New York, Respondent.

NEW YORK CITY — WHEN CHARGES "PENDING" ARE INSUFFICIENT
TO PREVENT THE RETIREMENT OF A POLICE OFFICER ON A PENSION.
Whatever may be the nature or form of the charges which will prevent the
retirement on a pension of a member of the police force of the city of New
York, who is a veteran, has served twenty years and has made application
therefor under section 355 of the charter (L. 1901, ch. 466) providing that
he must be relieved if "there are no charges against him pending," an
anonymous communication, containing no statement of an act, default or
neglect upon his part which would constitute a breach of duty, although
certain statements were made therein which by argument or inference
might reflect upon him as a public officer, in the possession of the com-
missioner two weeks before the application for retirement was filed and
upon which no charges were formulated, cannot be regarded as a charge
"pending ;" and the subsequent formulation of charges, his trial thereon
and removal, cannot affect his status as a retired member of the force.
*People ex rel. Fitzpatrick* v. *Greene,* 97 App. Div. 502, reversed.

(Argued April 12, 1905; decided April 25, 1905.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
November 17, 1904, which dismissed a writ of certiorari to
review the determination of the defendant in dismissing the
relator from the office of captain of police of the city of New
York.

The facts, so far as material, are stated in the opinion.

*Charles O. Maas* for appellant. There were no charges
pending against the appellant when he applied to be retired
from the police force, and being a veteran of the Civil war
and entitled to be retired, the respondent erred in not grant-
ing his application. (*McDermott* v. *Board of Police,* 5 Abb.
Pr. 422; *People ex rel.* v. *Gambling,* 26 Barb. 481; *People
ex rel.* v. *French,* 23 N. Y. S. R. 384; *People ex rel.* v. *Board
of Police Comrs.,* 93 N. Y. 97.)

*John J. Delany, Corporation Counsel* (*Theodore Connoly* and *Thomas F. Noonan* of counsel), for respondent. The application for the relator's retirement did not prevent his dismissal. (*People ex rel.* v. *French,* 108 N. Y. 105; *People ex rel.* v. *Martin,* 145 N. Y. 253; *People ex rel.* v. *Roosevelt,* 14 Misc. Rep. 531; 149 N. Y. 574; *People ex rel.* v. *Coler,* 173 N. Y. 103; *Friel* v. *McAdoo,* 91 N. Y. Supp. 454; *People ex rel.* v. *Greene,* 87 App. Div. 589.)

O'BRIEN, J. The relator was removed from the police force by the defendant after a long trial upon charges formulated and filed on the 9th day of February, 1903. The charges, in substance, were that the relator neglected to perform his duty as a policeman, in certain particulars specified in the charges and referred to at length in the evidence. Whether the charges were or were not sustained by the proof is a question that is not before this court; nor are any other questions that arose in the progress of the trial with respect to the admission or rejection of evidence. It is admitted on all sides that there is but one question in the case that this court can review, and that relates to the power and jurisdiction of the defendant to entertain the charges or to remove the relator from the force, whatever the evidence may tend to show with respect to his dereliction of duty.

By section 355 of the present charter of the city of New York an honorably discharged soldier or sailor from the army or navy of the United States in the late Civil war, " who has performed duty on such police force for a period of twenty years or upwards, upon his own application in writing, * * * provided there are no charges against him pending, *must* be relieved and dismissed from said force and service by the department and placed on the roll of the police pension fund and awarded and granted, to be paid from said pension fund, an annual pension during his lifetime of the sum not less than one-half of the full salary or compensation of such member so retired." It will be seen that this statute permits a member of the police force to retire from the service, pro-

viding he is a veteran and has served twenty years. That the relator was such veteran and had served twenty years is admitted in the return to the writ of certiorari and conceded upon the arguments. It will be seen, also, that this statute executes itself, in the sense that when the necessary facts exist the retirement is accomplished by the policeman's application in writing. In other words, when the necessary conditions actually exist the retirement is accomplished by the policeman's application, without any action upon the part of any other body. In this respect the present provision of the law differs from that contained in the preceding charter, since the retirement of a policeman under such circumstances was then accomplished " by resolution adopted by the majority vote of the full board." Hence the cases of *People ex rel. Brady* v. *Martin* (145 N. Y. 253) and *People ex rel. Tuck* v. *French* (108 N. Y. 105) have no application to this case.

On the 2d day of February, 1903, the relator filed with the police commissioner his written application to be retired from the police force and placed upon the pension roll. This application was signed by him and the facts stated therein duly verified. It has already been pointed out that the fact that the relator was a veteran and had served twenty years on the police force is admitted by the record and stands undisputed. This leaves but one other fact upon which the relator's right to retire from the force was conditioned to be considered, and that is the condition that at the time he made his application for retirement there were " no charges against him pending." Notwithstanding the relator's written application for retirement, charges were preferred against him before the defendant and filed on the 9th of February, 1903, and upon these charges he was tried and removed from the force. That determination is defended upon the ground that at the time the relator applied for retirement there were in fact charges pending against him before the defendant, and it was upon those charges, or some of them, that he was subsequently tried.

The only charge that is claimed to operate to defeat the

relator's attempt to retire from the force is an unsigned, or anonymous communication, which was delivered to the defendant by an officer of the Society for the Prevention of Crime. The paper covers more than three printed pages of this record, and whether it is a *charge* within the meaning of the statute is a pure question of law. It is, I think, reasonable to assume that the charge, in order to defeat this beneficial provision of the statute, should at least have an author or accuser, and should contain a statement in some form of some act, or default, or neglect on the part of the policeman, which would justify his removal. We do not say that it is necessary that such a charge should be a formal, or technical one, or in such a condition that the accused policeman could be put upon trial under it; but we think that whether it is signed or not it should at least state something in the form of an accusation. It should state that he has either done or omitted to do something which would constitute a breach of duty. When this anonymous paper is read from beginning to end nothing of that kind can be found in it. It does convey, with considerable detail, a mass of information to the police commissioner as to the existence of disorderly houses in the precinct. But there is not a word in it to show that the existence of these houses was in any respect chargeable to any action, collusion or omission of duty on the part of the relator. If such a communication could be held to be a charge, within the meaning of the statute, it is doubtful if any veteran policeman on the force would be entitled to retirement.

It is said that unless this paper is held to be a charge, within the meaning of the statute, policemen will be enabled to evade responsibility for their breach or neglect of duty, by simply retiring before the charges have been regularly formulated. There are very few statutes of this character that cannot be rendered useless, or ineffectual, simply by imagining some extreme case that may happen if it is construed according to its plain meaning. On the other hand, it might be observed that hardly any application on the part of a policeman to be retired, situated as the relator was, could be effect-

ual if an anonymous communication, like the one in this record, were allowed to defeat his application.

Nor is it hardly possible to believe that the defendant himself considered this paper as in any sense a charge against the relator, within the meaning of the statute. It specified no omission of duty on his part, and no wrongful act or omission of any kind. It is quite true that certain things are stated in it which by argument or inference might reflect unfavorably upon him as a public officer, but to say that for that reason it was a charge sufficient to defeat his application would be simply refining away a statute intended for a laudable and beneficial purpose. This paper was in the possession of the defendant for more than two weeks prior to the filing of the application, and if any one supposed that it constituted a charge of neglect of duty it is difficult to see why the authorities did not move with greater celerity. They formulated no charges against the relator until his application for retirement had been filed, and then it must be admitted that the proceedings for his removal were conducted with great vigor and rapidity.

We think that the statute is entitled to a reasonable construction, and that it is not at all a reasonable view to hold that an anonymous paper, such as the one in question, which refers to no wrongful act or omission of duty on the part of the relator, is sufficient as a charge to deprive him of the benefit of the statute, simply because it points out with considerable detail the existence and particular locality of various disorderly houses in the precinct.

It follows that the order of the Appellate Division should be reversed and the proceedings of the commissioner annulled, with costs in all courts to the relator.

Cullen, Ch. J., Bartlett, Vann and Werner, JJ., concur; Haight, J., not voting; Gray, J., absent.

Order reversed, etc.