### RIGHTS OF A PENSIONED FIREMAN.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL JOSEPH ROTHGERY, V. THE BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY OF CLEVELAND.

Decided, June 3, 1912.

*Firemens' Pension Fund—Pensioned Fireman Can Not be Discharged for Offense Before Retirement.*

A fireman who has been retired and regularly put upon the pension roll in accordance with the laws of the state and the regulations of the trustees of the firemens' pension fund, can not thereafter be discharged from the fire department for violating one of its rules before his retirement, and his pension be reduced.

*Geier, Farrell & Edwards,* for plaintiff in error.
*E. K. Wilcox,* contra.

NIMAN, J.; MARVIN, J., concurs; WINCH, J., not sitting.

This is an action brought in this court by the relator to secure a writ of mandamus to compel the Board of Trustees of the Firemen's Pension Fund of the City of Cleveland to authorize the payment to him of the sum of $2,895, with interest, claimed to have been unlawfully withheld from him from June 1st, 1906, to April 1st, 1912, and to authorize the payment to him from the 1st day of April, 1912, of a pension in the amount which he claims to be entitled to recover.

The Board of Trustees of the Firemen's Pension Fund of the city of Cleveland exists under and by virtue of an enactment of the state Legislature, which is now found in the General Code from Section 4615. By Section 4600 it is provided:

"In any municipal corporation, having a fire department sup ported in whole or in part at public expense, the council by ordinance may declare the necessity for the establishment and maintenance of a firemen's pension fund.   There a board of trustees, who shall be known as 'trustees of the firemen's pension fund,' shall be created, which shall consist of the director of public safety, and, in villages, of the fire chief and five other persons, members of such department.   But upon petition of a majority of the members of the fire department, such director or fire chief may designate a less number than five to be elected trustees."

By various other sections provision is made for the creation of a pension fund, and Section 4612 proceeds:

"Such trustees shall make all rules and regulations for the distribution of the fund, including the qualifications of those to whom any portion of it shall be paid and the account thereof, but no rules or regulations shall be in force until approved by the director of public safety or the fire chief as the case may be."

Under the authority conferred by the section last quoted. the Board of Trustees of the Firemen's Pension Fund of the City of Cleveland adopted certain rules and by-laws, a part of Section 3, which is as follows:

"Any member of such fire department who has been in the service of said paid fire department thirty years, the last twelve years consecutively, may, upon making written application to the person or persons in charge of the fire service of such city, retire at his own option without medical examination, and the board of trustees shall authorize the payment to such member, so retired, monthly from the pension fund, of a sum equal to eleven-sixteenths of his salary at the time of retirement."

The relator became a member of the paid fire department of the city of Cleveland on the 11th day of October, 1871, and served continuously for more than thirty-three years.   On April 21st, 1905, he availed himself of the rule quoted and asked to be relieved from active duty and to have his name placed on the firemen's pension roll.   On June 1, 1905, due action having been taken, his name was placed upon the pension roll, and under the rule he received a pension monthly equal to eleven-sixteenths of his salary.

Subsequently, however, he was discharged from the fire department for violating one of the rules of the department before his retirement. The board of trustees of the pension fund took such action that his name was placed upon the pension roll at a rate equal to six-sixteenths of his salary per month from the time of his discharge on February 10, 1906, instead of eleven-sixteenths which he had received up to that time.

In taking this action the board claims to be sustained by that part of Section 3 of the rules and by-laws which provides:

"That any member who may be discharged from the fire department after having served not less than eighteen consecutive years, shall be placed on the pension roll at six-sixteenths of his salary at the time of his discharge, provided such discharge is for any other offense than dishonesty, intoxication or a criminal act."

We are, therefore, required to determine whether the Board of Trustees of the Firemen's Pension Fund had power to change the status of the relator as a beneficiary under the pension fund, after he had retired at his own option, and after his name had been placed upon the pension roll at the rate provided for one in his class.

Reference to the rule under which the relator retired, and had his name placed upon the roll at a rate equal to eleven-sixteenths of his salary, discloses a requirement that "the member so retired without special disability shall always receive the same amount of pension as when retired."

If this part of the rule be given effect according to its clear terms, the rights of the relator were fixed when his name first went upon the pension roll.

In the absence of this requirement of the rule, we think that when the relator retired under the rules, and the payment of his pension was authorized and his name placed upon the pension roll, all questions affecting his status were determined, and the subsequent act of the Board of Trustees, based upon his discharge after retirement, was without authority, and could not affect his status as already fixed.

In *People, ex rel Fitzpatrick,* v. *Greene,* 181 N. Y., 308, a question similar to that presented here was involved and it was there held, quoting from the syllabus:

"Whatever may be the nature or form of the charges which will prevent the retirement on a pension of a member of the police force of the city of New York, who is a veteran, has served twenty years and has made application therefor under Section 3555 of the charter (L. 1901, ch. 466) providing that he must be relieved if 'there are no charges against him pending,' an anonymous communication, containing no statement of an act, default or neglect upon his part which would constitute a breach of duty, although certain statements were made therein which by argument or inference might reflect upon him as a public officer, in the possession of the commissioner two weeks before the application for retirement was fixed and upon which no charges were formulated, can not be regarded as a charge 'pending'; and the subsequent formulation of charges, his trial thereon and removal, can not affect his status as a retired member of the force."

All the facts necessary to entitle the relator to retire at his own option, without medical examination, were present. Upon his exercise of the option given him, the mandatory language of the rule required the board of pension trustees to authorize the payment to him monthly from the pension fund of a sum equal to eleven-sixteenths of his salary at the time of retirement, "and he shall always receive the same amount of pension as when retired."

There are sufficient funds to the credit of the pension fund to pay the relator the pension he is entitled to receive at the rate of eleven-sixteenths of his salary per month.

The powers and duties of the board of trustees of the pension fund with respect to the payment of the pension, to which the relator is now entitled, are purely ministerial. There is nothing calling for the exercise of discretion, or judgment upon the propriety of the thing to be done.

The writ of mandamus may issue as prayed for by the relator.