THOMAS W. MULLARKEY, Respondent, Appellant, v. LEWIS J. VALENTINE, as Police Commissioner and Treasurer and Trustee of the Police Pension Fund of the City of New York, Appellant, Respondent.— Order of April 17, 1935, resettling order of January 29, 1935, reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment in favor of plaintiff granted. Plaintiff was a member of the police force of the city of New York for over twenty-five years. He applied for retirement. No charges were pending against him. Section 355 of the Greater New York Charter, in respect of plaintiff, was self-executing. (*People ex rel. Fitzpatrick* v. *Greene*, 181 N. Y. 308.) In view of the foregoing, the appeal from the resettled order denying motion for examination of plaintiff before trial is dismissed. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

NATIONAL BANK OF ORANGE COUNTY, Appellant, v. MITCHEAL J. GEORGE, Respondent.— In an action to recover upon two promissory notes, order denying plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

NEW ROCHELLE TRUST COMPANY, Respondent, v. JACOB GRAB and Others, Appellants.— Order denying motion for an order granting judgment upon the ground that the complaint is insufficient reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, without prejudice to plaintiff's serving an amended complaint within ten days from the entry of the order herein. If the complaint is to be considered as invoking the various provisions of article 10 of the Debtor and Creditor Law, plaintiff should show itself to have been a creditor at the time of the conveyances within the meaning of section 273 thereof; or that the indebtedness was incurred in connection with a business or particular transaction as comprehended by section 274; or that the conveyances were fraudulent as to a future creditor, if such in fact plaintiff was, in that they were made with the intention or belief that debts would be incurred beyond ability to pay as they matured, as required under sections 275 and 276 of the Debtor and Creditor Law. Nor does the complaint contain appropriate allegations to show that the conveyances were trusts for and on behalf of the debtors. Lazansky, P. J., Hagarty, Carswell, Scudder and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEVERETT G. CROSS, Respondent.— Order dismissing indictments unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Johnston, JJ. [154 Misc. 667.]