In the Matter of the Application of THOMAS McMEEKAN, Petitioner, for an Order of Mandamus against DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK and Others, Respondents.

Supreme Court, Bronx County, July 25, 1935.

*Levin & Spallone* [*Louis Susman* and *William Levin* of counsel], for the petitioner.

*Paul Windels, Corporation Counsel* [*Julius Isaacs* and *Leonard M. Wallstein, Jr.,* of counsel], for the respondents.

McGoldrick, J. This is the trial of an alternative order of mandamus. A jury was waived.

On July 23, 1926, the petitioner had served as a civil service employee in the health department of the city of New York for a period of twenty years. In the afternoon of August 11, 1926, he filed with the secretary of the board of health of such department an application for his retirement pursuant to section 1323-a of the Greater New York Charter, as amended by chapter 373 of the Laws of 1907, the provisions of which, so far as pertinent, are: " *Any* * * * *employee* who has or shall have performed duty as such * * * employee in any department of health in the city of New York, for a period of twenty years, or upward, upon his own application, in writing, * * * *shall be retired from active service by resolution of the board of health* of the health department of the city of New York, *and placed upon the health department pension roll, and thereupon* shall be awarded, granted and paid from said health department pension fund by the trustees thereof, an annual sum during his lifetime not exceeding one-half the ordinary full pay of a * * * employee in the health department service, of the rank of the * * * employee so retired." (Italics mine.) Prior to filing such application, and about noon of the same day (August 11, 1926), the then commissioner of health, in the latter's office, told him of information that had been received to the effect that petitioner had been paid and had accepted moneys in order improperly to influence the course of his official duties, and that he would be suspended and charges against him preferred. Immediately after filing the application, petitioner left his office; never reported for work again; never thereafter performed any of the duties incident to his position of borough chief of the division of food and drugs in the borough of Manhattan at an annual salary of $3,250; never received his regular salary for the period beginning August 1, 1926, and ending August 11, 1926; never received any pension checks or communicated with the department of health or with the board of trustees of the pension fund in connection therewith; and, up to the time of his dismissal on September 24, 1926, successfully evaded the personal service of charges. Petitioner was suspended as such employee on August 12, 1926. This proceeding was commenced in August, 1928, requesting " a peremptory order of mandamus be issued directing the members of the Board of Trustees of the Pension Fund of the Health Department of the City of New York to declare your petitioner retired pursuant to said section, and entitled to participate in said pension fund and to pay to your petitioner herein at the rate of $1,625 per annum all past due sums to which he is entitled, with interest thereon."

The petition is based mainly on the contentions that: (1) Such section is self-executing; (2) at the time of filing the application for retirement (August 11, 1926) no legal charges were pending against him, but, irrespective of the existence thereof, he was entitled to be retired as of such date; (3) the dismissal was a nullity, because his application for retirement separated him from the service and he was no longer under the jurisdiction, and, furthermore, no charges looking toward such removal were personally served upon him as required by law.

Section 1323-a is not self-executing. An employee here is not retired upon filing an application therefor. An employee is " retired from active service *by resolution of the board of health* of the health department of the city of New York, *and placed upon the health department pension roll,* and *thereupon* shall be awarded * * * from said health department pension fund *by the trustees thereof* " a pension. This plain statutory procedure may not be disregarded. The board of health never adopted a resolution retiring petitioner from active service and placing his name on the pension roll, and until such action has been taken there is no authority vested in the board of trustees to grant to him any pension. Otherwise, there would be nothing officially before the board of trustees upon which to found an award.

The board of trustees of the pension fund has no power " to *declare your petitioner retired* pursuant to said section and entitled to participate in said pension fund," as urged in the prayer for relief. Such power is solely within the province of the board of health. *Thereupon* the board of trustees shall award " an annual sum during his lifetime not exceeding one-half the ordinary full pay of * * * the * * * employee *so retired.*"

Counsel for petitioner urge that the court here may compel the board of health to pass the requisite resolution. Has this board any discretion in the premises? Section 355 of the present charter, as amended by chapter 685 of the Laws of 1921, provides that a police officer who is an honorably discharged soldier or sailor from the army or navy of the United States in the late Civil war, " who has performed duty on any such force for the period of twenty years, upon his own application in writing, provided there are no charges against him pending, *must* be relieved and dismissed from said force and service by the department and placed on the roll of the police pension fund and awarded and granted, to be paid from said pension fund, an annual pension." It has been held that section 355 is self-executing in the sense that, where it was admitted in the return to the *writ of certiorari* (it was not as here a proceeding in mandamus) that the relator was such veteran and had served twenty years, the

retirement is accomplished by the policeman's application, in writing, without any action upon the part of any other body. (*People ex rel. Fitzpatrick* v. *Greene*, 181 N. Y. 308, April, 1905.) In that case, however, the Court of Appeals, with telling effect on the point under discussion, was careful to add (at p. 310): " In this respect the present provision of the law differs from that contained in the preceding charter, since the retirement of a policeman under such circumstances was then accomplished ' by resolution adopted by the majority vote of the full board.' Hence the cases of *People ex rel. Brady* v. *Martin* (145 N. Y. 253), and *People ex rel. Tuck* v. *French* (108 N. Y. 105) have no application to this case."

An examination of the cited cases discloses: In *People ex rel. Brady* v. *Martin* the court said (at p. 258): " We cannot see how proper effect can be given to the language which requires a majority vote of the full board for the adoption of the resolution, unless some discretion is vested in the members of the board upon the subject. The act does not assume to dictate to the members how they shall vote upon the resolution. It does require for its adoption a majority vote of all the board."

And at page 259: " From the very language of the section it seems to us that some discretion is vested in the members of the board. If the legislature intended otherwise, and that the resolution should be passed at all events when the fact of the twenty years' service was ascertained, it seems to us clear that other and different and plainer language would have been employed. The board has been invested with authority to retire the applicant by a majority vote of the full board, but as no direction has been given requiring the members to vote for the adoption of the resolution, *it follows that they must be at liberty to vote in favor of or against such application.*" (Italics mine.)

And in *People ex rel. Tuck* v. *French* (at p. 110) it is stated: " The relator, in order to reach his result, failing to avoid the fatal effect of his dismissal, seems also to contend that the court should override or disregard that order [of dismissal], by requiring the resolution of retirement to be passed *nunc pro tunc*, and of the date of the application. If the court has the power, I think it has lawful discretion to refuse its writ, since by no law does the relator possess an absolure right to have the resolution passed *instanter* upon his application, or as of the date of that application. *The board have a reasonable time in which to meet and pass the resolution*, and if they delay unreasonably or unfairly doubtless the court may quicken their action, but it must do so, if at all, before that action becomes impossible by the dismissal of the applicant. After that the relator cannot insist that an answer to his writ, resulting from his delay,

shall be made ineffectual by a mandamus requiring a resolution to be passed *nunc pro tunc*. Such a request involves a favor. It asks that a right which the relator claims he did have, but has lost by delaying his petition to the court for its writ, may still be granted, and made effectual by dating it back of the order which destroys his right. If the court has such power its exercise rests wholly in discretion, and we cannot review here the refusal to exercise it." (Italics mine.)

Stress is here placed on the fact that in the case of *People ex rel. Brady* v. *Martin,* the statute (Charter § 355) provided that the resolution shall be " adopted by a majority vote of the full board," whereas, in the instant statute (Charter, § 1323-a) it is provided that the employee shall be retired " by resolution of the board " without express requirement of a majority vote.

The board of health consists of five members. (Charter, § 1167, as amd. by Local Laws of 1928, No. 13, City of New York.) The Greater New York Charter is a local law, and there being no special provision otherwise made therein, the General Construction Law of the State applies. (*People ex rel. Ottman* v. *Hynds,* 30 N. Y. 470, 472.) " Whenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or *as a board* or similar body, *a majority* of all such persons or officers at a meeting duly held at a time fixed by law, \* \* \* *may perform and exercise such power, authority or duty,* and \* \* \* a majority of the whole number of such persons or officers shall be a quorum of such board or body, and a majority of a quorum, *if not less than a majority of the whole* number of such persons or officers may perform and exercise any such power, authority or duty." (Gen. Constr. Law, § 41.) (Italics mine.)

The Greater New York Charter has been criticized frequently as a " bulky charter." It is that, but its " bulk " is its " strength " as a preserver and protector of city rights. Numerous are the clauses therein that prevail as against those to the contrary contained in the general laws of the State. On this trial, for example, because its present " bulk " has not been further enlarged by the inclusion of a special provision prescribing method and manner, the State steps in and tells the board of health how it shall retire employees " by resolution."

" If no discretion is vested in the board it is difficult to see why its approval should be asked. However this may be, the provision ' upon a majority vote ' necessarily negatives the claim that the duty of approval is mandatory. A majority vote contemplates the possibility of a minority vote. If a dissenting vote is permitted

how can the supposed mandatory duty be enforced." (*Matter of State of New York*, 207 N. Y. 582, 585, 586.)

Consequently, in construing the instant statute (§ 1323-a), it should be considered as providing that the petitioner " shall be retired from active service by resolution of the board of health of the health department of the city of New York," *adopted by the majority vote of the full board*, and placed upon the health department pension roll.

In *Mullarkey* v. *Valentine* (245 App. Div. 837) the Appellate Division of the Second Department held: " Plaintiff was a member of the police force of the city of New York for over twenty-five years. He applied for retirement. No charges were pending against him. Section 355 of the Greater New York Charter, in respect of plaintiff, was self-executing. (*People ex rel. Fitzpatrick* v. *Greene*, 181 N. Y. 308.) "

Thus, it seems clear to me that, as pointed out in *People ex rel. Fitzpatrick* v. *Greene*, there is a line of demarcation between a statutory provision as to retirement where it is accomplished " by resolution " of a board, and one in which no such requirement is contained. The former is not self-executing; the latter may be " when the necessary conditions actually exist " at the time of filing the application. There is no authority to the contrary referred to in the able briefs submitted by counsel, and this court has discovered none by an independent investigation. In truth, judicial opinions harmonize when tested by the tuning fork of this construction.

To nullify his dismissal is to reinstate petitioner in the office that he occupied on September 24, 1926, with a record of prior suspension as of August 12, 1926. Petitioner does not even suggest reinstatement. His counsel state unequivocally in their brief that " this mandamus proceeding is brought to compel retirement and fixation of pension rights, and *not for reinstatement*," without which, however, there would be no power extant to retire any person not an employee of the department of health. The board of trustees of the pension fund could not " declare your petitioner retired pursuant to said section " because it has no such power; nor could it be directed to pay him one-half of his then salary, which is simply the maximum limit of its discretion in the fixation of a pension. The board of health *has* the power to declare that certain employees " shall be retired from active service by resolution," but, by parity of reasoning, the exercise of such power, even if here invoked, may not be so controlled as to direct the passage of a resolution retiring petitioner. In a proper proceeding, and under certain circumstances,

undoubtedly judicial power exists to direct the board to meet and pass on any such application, its action thereon then being subject to the usual court review.

Looking at this case with magnifying, or any other kind of glasses, I am unable to see how the board of health can retire the petitioner, who has not been an employee of the city since September 24, 1926, when he was dismissed. That dismissal must be deemed valid until directly attacked by a proceeding to compel his reinstatement, which is one thing at least that petitioner does not want. "In all judicial proceedings the actions, proceedings, authority, and orders of said department [of health] shall at all times be regarded as in their nature judicial." (Charter, §§ 1261, 1173.) Succinctly put, petitioner can succeed on this trial only if it be held that his application for retirement was self-executing. To me, such contention is untenable. Proper and orderly procedure is onerous. But in no other way can petitioner circumvent the legal obstacles which make impassable an otherwise short-cut and rosy pathway to a pension annuity from the health department of the city of New York.

In view of these conclusions, whether or not petitioner was served with charges and other matters developed on the trial become immaterial.

It is deduced that the respondents are entitled to a final order denying the application for a mandamus.

Since, under the provisions of sections 1317 and 1334 of the Civil Practice Act, the court at Trial Term is without power to grant a final mandamus order, and after trial of the issues must make a decision to be returned to Special Term, where the final order must be made, I direct that findings of fact and conclusions in accordance with this decision be presented on notice, and upon the signing of the same either party may move at Special Term for a final order based upon the said findings of fact and conclusions.