In the Matter of the Application of MARGARET L. HICKIE, Petitioner, for an Order against LEWIS J. VALENTINE, as Commissioner of Police of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund of the City of New York, and Others, as Members of the Board of Trustees of the Police Pension Fund of the City of New York, Respondents.*

Supreme Court, Special Term, New York County, April 24, 1941.

* Affd., 262 App. Div. 832.

James H. Tully [Truman H. Luhrman of counsel], for the petitioner.

William C. Chanler, Corporation Counsel [Arthur H. Kahn of counsel], for the respondents.

BENVENGA, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the board of trustees of the police pension fund, awarding the petitioner a pension at the rate of one-half her annual salary upon her retirement for disability and to compel the board to award her a pension at the rate of three-fourths of her annual salary.

Under the Police Pension Law (N. Y. City Adm. Code, § B18–4.0), the board of trustees, composed of twelve members, " shall " retire any member who, upon examination, " may be found to be disqualified, physically or mentally, for the performance of his duties." If the disability was caused in or induced by the " actual performance of the duties of his position," the member is entitled to a pension of not less than three-fourths of his annual salary; otherwise, he is entitled to one-half of that salary.

An examination by the medical board and the special medical board, as provided by statute, resulted in the determination that the petitioner was physically disabled from performing her duties. In this conclusion the medical and special medical boards agreed. The special medical board, however, disagreed by a vote of two to one on the question of whether the disability suffered by the petitioner had been incurred in the performance of her duty. The board of trustees, notwithstanding the decision of the majority of the special medical board, found that the petitioner's disability had not been incurred in the performance of her duties.

It is urged that the decision of the majority of the special medical board is conclusive, and that it was mandatory on the part of the board of trustees to abide by it. I do not so construe the statute.

Concededly the board of trustees must accept the decision of the special medical board as to the nature and extent of the disability. They need not, however, accept their decision as to

whether the disability was incurred in the performance of duty; nor their opinion as to the causal connection between an injury so incurred and the disability for which a member is to be retired. The determination of that question is within the province of the board of trustees, for it is their duty in every case to " determine the circumstances " of the disability. In this respect, they perform the function of a jury. They may accept or reject the opinions of expert witnesses; their opinions are merely advisory and not conclusive.

Here, the board of trustees, after considering all the available data, including the medical reports, came to the conclusion that the petitioner's disability was not service incurred. That determination, unless the board of trustees acted arbitrarily, capriciously or unreasonably, should not be disturbed, even though some other tribunal or body upon the same evidence might have reached a different conclusion. (*Matter of Stork Restaurant, Inc.,* v. *Boland,* 282 N. Y. 256, 264, 267; *Matter of Newbrand* v. *City of Yonkers,* 285 id. 164, 177.)

Cases construing retirement and pension systems, wherein medical boards are given the power to determine the circumstances of the member's disability, are not in point. Under such systems, the decision of the medical board is conclusive and the administrative agency of the system merely performs a ministerial duty. (Cf. *Matter of Potts* v. *Kaplan,* 264 N. Y. 110, 117; *Matter of Nash* v. *Brooks,* 276 id. 75, 81; *Matter of Sullivan* v. *Board of Estimate,* 281 id. 766, 767; *Matter of Rosenberg* v. *Board of Estimate,* Id. 835; *Matter of Nilsson* v. *LaGuardia,* 259 App. Div. 145, 148.)

Under the present police pension system the medical board and the special medical board are empowered to determine the fact of disability, while the board of trustees is required to determine the " circumstances " thereof. In so doing, the board of trustees does not perform a purely administrative duty, mandatory in nature and dependent upon the determination of the medical board or special medical board. On the contrary, the board of trustees is vested with discretion to decide an application according to justice and propriety. Since it cannot be said that the board of trustees, in rejecting the decision of the special medical board, acted arbitrarily or unreasonably, and since there is evidence to support their findings, their determination should not be disturbed.

The petition is dismissed.