Roy E. Hunn, as Administrator of the Estate of Myrta E. Hunn, Deceased, Appellant, *v.* New York State Teachers' Retirement System, Respondent.

Argued October 6, 1942; decided October 29, 1942.

*Everest A. Judd* for appellant. Inasmuch as decedent was entitled to superannuation retirement under section 1109 of the Education Law (Cons. Laws, ch. 16) and disability retirement under section 1109-a, there was an election possible for her to take superannuation retirement instead of disability retirement and the application of the plaintiff signed in her behalf for disability retirement, constituted a choice and an election as between the forms of retirement and was therefore invalid, because of the incompetency of decedent. (*Finch* v. *Goldstein*, 245 N. Y. 300; *Matter of Frank*, 283 N. Y. 106; *Matter of Santora*, 253 App. Div. 208; *Weinberg* v. *Weinberg*, 255 App. Div. 366; *Matter of Long*, 261 App. Div. 456; *Matter of Gould*, 257 App. Div. 109; *Matter of Rasmussen*, 147 Misc. Rep. 564; *Kent* v. *West*, 33 App. Div. 112; *Matter of Reeves*, 10 Del. C. H. 324; *Moorehead* v. *Teachers' Retirement Board*, 134 Misc. Rep. 123; *Matter of Feltner* v. *Teachers' Retirement Board*, 235 App. Div. 207.) If section 1109-a is interpreted as permitting an election by another for the incompetent, it is unconstitutional. (*Matter of Frank*, 283 N. Y. 106; *Weinberg* v. *Weinberg*, 8 N. Y. Supp. [2d] 345.) Decedent was not legally retired. (*Matter of Gulick*, 255 N. Y. 364; *Matter of O'Brien* v. *New York State Teachers' Retirement Board*, 215 App. Div. 220.)

*Charles A. Brind, Jr.*, for respondent. Decedent was legally retired. (Cons. Laws, ch. 16, § 1109-a; *Grimmer* v. *Tenement House Dept.*, 205 N. Y. 549; *Matter of City of New York*, 217 N. Y. 1; *Bullock* v. *Cooley*, 225 N. Y. 566; *Story* v. *Craig*, 231 N. Y. 33; *Town of Amherst* v. *County of Erie*, 260 N. Y. 361.) The procedure

outlined by the statute is in the interest of the mentally incompetent and should not be negatived. In any event the committee in this case by his failure to revoke is bound by the application. (*Matter of Feltner* v. *Teachers' Retirement Board*, 235 App. Div. 207; *Matter of Carey* v. *Teachers' Retirement Board*, 227 App. Div. 695.)

*Per Curiam.* Section 1109-a of the Education Law (Cons. Laws, ch. 16) provides that " a member  *  *  *  may be retired *  *  *  upon his own application or that of a person acting in his behalf  *  *  *." Any person authorized by a member to act in his behalf, or the committee of a member authorized by law to act in his behalf, may, in accordance with the statute, file an application for the member's retirement but, in our opinion, the statute should not be construed as intended to confer upon any person the right to act for a member when such person has not been otherwise authorized to act in his behalf.

The judgment of the Appellate Division should be reversed and that of the trial court affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.